IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:16-CV-8-BO

| | | |
|---|---|---|
| TYRONN FEREBEE, on Behalf of Himself and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| EXCEL STAFFING SERVICE, INC., et al., | ) ) | |
| Defendants. | ) | |

This case comes before the court on the motion (D.E. 53)[1] by plaintiff Tyronn Ferebee ("plaintiff") for leave to serve process on defendants David J. Tolin ("David Tolin") and Excel Staffing Professional Nursing, Inc. ("Excel Nursing") by substitute service, specifically by first-class mail. Although not explicitly stated in the motion, plaintiff also implicitly seeks extension of the time to effect service. No defendant has filed a response.[2] The motion was referred to the undersigned for disposition. *See* D.E. dated 7 Nov. 2016. For the reasons set forth below, the portion of plaintiff's motion seeking leave to serve by substitute service will be denied and the portion seeking an extension of time to serve will be allowed, and the time for service on David Tolin and Excel Nursing will be extended 60 days from the date of entry of this order.

---

[1] Plaintiff failed to file a memorandum supporting the motion, as required by Local Civil Rule 7.1(d), E.D.N.C., although he did include argument and citation to authorities in the motion. *See* Mot. 1-7. In its discretion, the court will consider plaintiff's motion on the merits notwithstanding this deficiency.

[2] Excel Staffing Service, Inc. ("Excel Staffing"), Contractors & Consultants, Inc. ("C&C"), and Frederick Tolin are jointly represented. Tar River LTC Group, LLC ("Tar River") has other counsel. David J. Tolin and Excel Nursing are the only defendants that have not appeared in the case.

## BACKGROUND

On 12 February 2016, plaintiff filed the original complaint (D.E. 1), naming Excel Staffing as the sole defendant. Excel Staffing was served with the original complaint on 7 March 2016. *See* D.E. 8. On 3 August 2016, with leave of court (*see* D.E. 21), plaintiff filed an amended complaint (D.E. 22) against all the defendants. In the amended complaint, as in the original complaint, plaintiff asserts a collective action for violation of the Fair Labor Standards Act ("FLSA") and a class action under Rule 23 of the Federal Rules of Civil Procedure for violation of the North Carolina Wage and Hour Act ("NCWHA"). Am. Compl. ¶¶ 1; 70-84 (FLSA claim); 85-90 (NCHWA claim).

Plaintiff alleges as follows: Excel Staffing, C&C, and Excel Nursing (collectively "the Excel companies"), operating "as a single enterprise," provide certified nursing assistants ("CNAs") and other health care personnel and related services to medical care facilities in multiple states, including North Carolina. *Id.* ¶ 19; *see also id.* ¶¶ 18, 25. David Tolin and Frederick Tolin are "officers, owners, and day to day managers" of the Excel companies. *Id.* ¶ 21. Tar River, among other activities, owns and operates the Colony Ridge Nursing and Rehabilitation Center in Nags Head, North Carolina ("Colony Ridge"). *Id.* ¶ 25.

The Excel companies entered into a contract with Tar River to provide labor and perform employment functions. *Id.* Plaintiff was an employee of the Excel companies and assigned to work for Tar River as a CNA from April 2014 to September 2015, primarily at Colony Ridge. *Id.* The Excel companies and the other defendants misclassified their workers, including plaintiff, as independent contractors and denied them overtime to which they were entitled under the FLSA and NCWHA. *Id.* ¶¶ 1, 24, 37. Plaintiff asserts both its FLSA and NCWHA claims against all the defendants and seeks from them unpaid overtime wages, liquidated damages,

2

penalties, interest, attorney's fees and costs, and litigation costs. *Id.* ¶ 92. The amended complaint was served on Frederick Tolin on 9 August 2016 and on C&C and Tar River on 11 August 2016. *See* D.E. 25.

In the motion, plaintiff alleges that David Tolin and Excel Nursing are evading service. Plaintiff is trying to serve David Tolin as an individual defendant and as the registered agent for Excel Nursing. Mot. 3. Plaintiff reports that two process servers have attempted to serve David Tolin several times since August 2016, and neither was successful. *Id.* at 3-4.

The first process server attempted service on August 9, 2016 at David Tolin's place of business at 1060 Westside Drive, Greensboro, North Carolina,[3] but the door was locked. *Id.* at 3. The process server called the business to speak with him twice that day and was told both times that he was not in the office. *Id.*; 1st Process Server Aff. re David Tolin (comprising pp. 1-2 of D.E. 53-1) 1; 1st Process Server Aff. re Excel Nursing (comprising pp. 3-4 of D.E. 53-1) 3.[4] Later that day, the process server visited an address that state property records indicated belonged to David Tolin; however, the house was actually occupied by Frederick Tolin. Mot. 3. On 11 and 12 August 2016, the process server called David Tolin's cell phone, but the call went straight to voicemail. 1st Process Server Aff. re David Tolin1; 1st Process Server Aff. re Excel Nursing 3. On 12 August 2016, the process server also visited David Tolin's place of business, but the door was again locked. 1st Process Server Aff. re David Tolin 1; 1st Process Server Aff.

---

[3] Both process servers tried to serve David Tolin at the above address, but this is not the corporate address listed with the North Carolina Secretary of State for Excel Nursing. *See* N.C. Dept. of Sec. of State, https://www.sosnc.gov/Search/profcorp/10129652 (last visited 6 Dec. 2016). The corporate address listed for Excel Nursing is 2618-a Battleground Avenue #173, Greensboro, North Carolina, 27408. *Id.* But this is a postal box facility, not the business location. 2d Process Server Aff. (comprising p. 5 of D.E. 53-1) 5. 1060 Westside Drive is the address of Synergistic Staffing Service, Inc., another corporation for which David Tolin is the registered agent. N.C. Dept. of Sec. of State, https://www.sosnc.gov/Search/profcorp/9189547 (last visited 6 Dec. 2016). Excel Staffing's principal office is registered as located at 1202 East Wendover Avenue, Greensboro, North Carolina, 27405. N.C. Dept. of Sec. of State, https://www.sosnc.gov/Search/profcorp/10270327 (last visited 6 Dec. 2016).

[4] The first process server provided two affidavits that are identical except that one pertains to serving David Tolin as an individual and the other pertains to serving David Tolin as the registered agent of Excel Nursing. 1st Process Server Aff. re David Tolin 1-2; 1st Process Server Aff. re Excel Nursing 3-4.

re Excel Nursing 3. On 16 August 2016, the process server again visited David Tolin's place of business, but the door was again locked. 1st Process Server Aff. re David Tolin 1; 1st Process Server Aff. re Excel Nursing 3.

On 22 August 2016, the process server attempted to serve David Tolin at an address at which Frederick Tolin said David Tolin lived. Mot. 3. However, someone else was living in the home, was the owner according to property records, and had bought the property from David Tolin in January 2016. Mot. 3; 1st Process Server Aff. re David Tolin 1; 1st Process Server Aff. re Excel Nursing 3. On 23 August 2016, David Tolin answered the telephone when the process server called, but after she identified herself, he acted as if he could not hear and the line went dead. Mot. 3; 1st Process Server Aff. re David Tolin 2; 1st Process Server Aff. re Excel Nursing 3. The process server then called the 1060 Westside Drive office, but was told David Tolin was not in. 1st Process Server Aff. re David Tolin 2; 1st Process Server Aff. re Excel Nursing 3. She again called David Tolin, but the call went to voicemail. 1st Process Server Aff. re David Tolin 2; 1st Process Server Aff. re Excel Nursing 3. On 26 and 29 August 2016, the process server went to the business, but the door was locked and no one answered the door. Mot. 3; 1st Process Server Aff. re David Tolin 2; 1st Process Server Aff. re Excel Nursing 2-4.

In October 2016, plaintiff hired a second process server. Mot. 3. On 20 October 2016, the second process server visited the 1060 Westside Drive office, and the receptionist told her David Tolin was there. *Id.* 3-4; 2d Process Server Aff. (D.E. 53-1) 5. However, after texting him, the receptionist said he had responded and that he was not in the office. Mot. 3-4; 2d Process Server Aff. 5. The second process server attempted service again on 21 and 24 October 2016 at the 1060 Westside Drive office, but these attempts were also unsuccessful. Mot. 4; 2d Process Server Aff. 5.

On 1 November 2016, plaintiff filed the instant motion. In the motion, he requests substitute service on David Tolin and Excel Nursing by first-class mail. Mot. 2.

## APPLICABLE LEGAL STANDARDS

### I. Service of Process on an Individual

Under Rule 4 of the Federal Rules of Civil Procedure, a plaintiff may effect service upon an individual by

>  (A) delivering a copy of the summons of the complaint to the individual personally;
>  (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>  (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. Rule 4(e)(2). A plaintiff may also serve an individual following the law of the state "where the district court is located or where service is made." Fed. R. Civ. P. Rule 4(e)(1).

Under North Carolina law, an individual may be served by: (1) delivering copies of the summons and complaint to the individual "or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein"; (2) delivering copies of the summons and complaint "to an agent authorized by appointment or law"; (3) mailing copies of the summons and complaint "registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee"; (4) "depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt"; or (5) mailing copies of the summons and complaint "by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee." N.C.R. Civ. P. 4(j)(1). The North Carolina Rules of Civil Procedure also permit service on an individual by publication if the

5

individual "cannot with due diligence be served by personal delivery, registered or certified mail, or by designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2)" and other requirements are met. N.C. R. Civ. P. Rule 4(j1).

## II.   Service of Process on a Corporation

A domestic corporation must be served

(A)   in the manner prescribed by Rule 4(e)(1) for serving an individual; or
(B)   by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. Rule 4(h)(1). As with service on individuals, a plaintiff may also serve a corporation following the law of the state in which the district court is located or where service is made. Fed. R. Civ. P. Rules 4(e)(1), 4(h)(1)(A).

North Carolina allows a corporation to be served by: (1) "delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office"; (2) delivering copies of the summons and complaint "to an agent authorized by appointment or by law"; (3) "mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served"; or (4) "depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served." N.C.R. Civ. P. 4(j)(6). Additionally, North Carolina law allows a plaintiff to serve the North Carolina Secretary of State as an agent of a corporation when the corporation is registered as an entity in North Carolina, and the "registered agent cannot with due diligence be found at the registered office." N.C. Gen Stat. § 55D-33(b). In

addition, a corporation may be served by publication subject to the same requirements applicable to an individual. *See* N.C. R. Civ. P. Rule 4(j1).

**III.     Time Limit for Service of Process**

A plaintiff must serve defendants within 90 days after the complaint is filed. Fed. R. Civ. P. Rule 4(m). "[I]f the plaintiff shows good cause for the failure" to serve a defendant within 90 days, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. Rule 4(m). "Good cause requires a showing that the plaintiff made reasonable and diligent efforts to effect service prior to the [90-day] limit . . . ." *Chen v. Mayor & City Council of Balt.*, 292 F.R.D. 288, 293 (D. Md. 2013) (internal quotation marks omitted), *aff'd*, 546 F. App'x 187 (4th Cir. 2013). Good cause is likely to be found when "the defendant has evaded service of the process or engaged in misleading conduct." 4B Charles A. Wright, Arthur R. Miller, & Adam N. Steinman, *Federal Practice & Procedure Civ.* § 1137 (4th ed 2015); *see also Thompson v. Eastman Chem. Co.*, Civil Action No. 2:14-03433, 2015 WL 6940131, at *1 (S.D.W. Va. 15 Oct. 2015) (noting examples of good cause include "where a defendant is evading service"), *mem. & rec. adopted*, 2015 WL 6872527 (S.D.W. Va. 9 Nov. 2015); *Uzoukwu v. Prince George's Cmty. Coll. Bd. of Tr.*, 2013 WL 3072373, at*2 (D. Md. 17 June 2013) (citation omitted) ("Good cause may be found, for example, where a defendant is evading service . . . .").

## ANALYSIS

**I.     Request for Leave to Serve Process by Substitute Service**

Plaintiff has not demonstrated that first-class mail is an appropriate alternative to effect service on David Tolin and Excel Nursing. Plaintiff has only tried one method of service among the several allowed in the Federal and North Carolina Rules of Civil Procedure. For example, plaintiff could attempt service on both David Tolin and Excel Nursing through certified mail or a

7

designated delivery service. Plaintiff could also attempt service on David Tolin as an individual by mailing him a copy of the summons and complaint with signature confirmation. According to the record, plaintiff has already served David Tolin as the registered agent for Excel Staffing via certified mail. *See* Return Receipt for David Tolin (D.E. 8-1).

There are also other methods for plaintiff to serve Excel Nursing. The North Carolina rules allow a plaintiff to serve an officer, director, or managing agent of a corporation. Here, plaintiff has alleged in the amended complaint that both Frederick Tolin and David Tolin are "officers, owners, and day to day managers" of Excel Nursing. Am. Compl. ¶ 21. Thus, it would appear that plaintiff could attempt service on Excel Nursing by serving Frederick Tolin as an officer of Excel Nursing. Plaintiff has also not demonstrated that he has tried to effect service on Excel Nursing by serving the North Carolina Secretary of State.

Aside from plaintiff's failure to exhaust the means of service already available to him, plaintiff has not shown that service by first-class mail would comply with due process. *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) ("When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. . . . But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored."). While plaintiff argues that David Tolin and Excel Nursing have actual notice, he has not adduced proof of actual notice sufficient to justify the variation from the rules governing service of process that he advocates. For this and the other reasons stated, the portion of plaintiff's motion seeking leave to serve by substitute service will be denied.

II.     **Request for Extension of Time to Serve Process**

8

As noted, although not explicitly stated in the motion, a request for an extension of time to serve the summons and the complaint on David Tolin and Excel Nursing is implicit in plaintiff's motion. Plaintiff filed the amended complaint on 3 August 2016, meaning that the 90-day time limit to serve the summons and amended complaint ended on 1 November 2016, the same day plaintiff filed his motion for substitute service.

Through the efforts of two process servers, plaintiff has demonstrated diligent effort to serve David Tolin, as an individual and as the registered agent for Excel Nursing, within the 90-day time limit. Moreover, plaintiff has demonstrated good cause for failing to effect service through the actions David Tolin took to evade service. The time period to serve David Tolin and Excel Nursing will therefore be extended to 60 days from the date of entry of this order.

## **CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the portion of plaintiff's motion (D.E. 53) seeking leave to serve David Tolin and Excel Nursing by substitute service is DENIED, and the time limit for service on David Tolin and Excel Nursing shall be extended for a period of 60 days from the date of entry of this order.

SO ORDERED, this 7th day of December 2016.

_____
James E. Gates
United States Magistrate Judge

9

Case 2:16-cv-00008-BO   Document 61   Filed 12/07/16   Page 9 of 9