IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:16-CV-8-BO

TYRONN FEREBEE, on Behalf of Himself )
and on Behalf of All Others Similarly )
Situated, )
       Plaintiff, )
             )
v. )    O R D E R
             )
EXCEL STAFFING SERVICE, INC. *et al.*, )
             )
       Defendants. )

This cause comes before the Court on plaintiff's appeal of an order entered by United States Magistrate Judge James E. Gates as well as plaintiff's motion for conditional certification of a collective action and to provide notice under the Fair Labor Standards Act, 29 U.S.C. § 216(b). [DE 59 & 77]. The appropriate responses and replies have been filed, and, for the reasons discussed below, the decision of Magistrate Judge Gates is affirmed and plaintiff's motion for conditional certification is granted.

## BACKGROUND

Plaintiff filed this putative class action alleging that defendants misclassify their workers as independent contractors instead of as employees and in doing so deny those workers overtime pay to which they are entitled under the Fair Labor Standards Act (FLSA) and the North Carolina Wage and Hour Act (NCWHA). Defendants Excel Staffing Service, Contractors & Consultants, and Excel Staffing Professional Nursing are alleged to operate a staffing company which provides registered nurses (RNs), licensed practical nurses (LPNs), and certified nursing assistants (CNAs) to medical care facilities in multiple sates, including North Carolina, Texas,

and Mississippi. Plaintiff alleges that these three entities operate as a single enterprise and are owned, operated, and managed by defendants David J. Tolin and Frederick Tolin. These defendants (staffing defendants) are alleged to have entered into a contract with defendant Tar River to provide labor and other employment functions. Plaintiff was hired by the staffing defendants and was assigned to Tar River to work primarily at one of its nursing home facilities in Nags Head, North Carolina as a CNA. Plaintiff alleges that defendants maintained a level of control over plaintiff and putative class members that is indicative of an employer-employee relationship, that he and other putative class members often worked in excess of forty hours per week, and that nursing and related positions are generally non-exempt from overtime requirements.

## DISCUSSION

I.  *Appeal from magistrate judge decision*

Plaintiff objects to the order of Magistrate Judge Gates entered November 18, 2016, as clearly erroneous and contrary to law. The 18 November 2016 order denied plaintiff's motion to continue the deadline to conduct pre-certification discovery. Specifically, the order denied plaintiff's motion as to Excel Staffing Service, Contractors & Consultants, and Frederick Tolin and denied plaintiff's motion as moot as to the remaining two defendants, David Tolin and Excel Staffing Professional Nursing, which plaintiff had at that time not been able to serve. Magistrate Judge Gates, after conducting a hearing on the matter, found that plaintiff had not shown diligence in the pursuit of pre-certification discovery. [DE 58].

Federal Rule of Civil Procedure 72(a) provides that, where a non-dispositive pretrial matter is referred to a magistrate judge, a party may file objections to the magistrate judge's order within fourteen days after being served with a copy of the order. *See also* Local Civil Rule

2

72.4(a). The district judge to whom the case is assigned shall "consider timely objections and modify or set aside any portion of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the magistrate judge's decision must be affirmed unless the district court's review results in the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

The undersigned finds no clear error in Judge Gates' determination that plaintiff failed to demonstrate diligence in his pursuit of pre-certification discovery, nor is the undersigned persuaded by plaintiff's argument that the order is contrary to law in that it results in a denial of due process for plaintiff. Judge Gates appropriately found plaintiff's minimal efforts to serve additional defendants and failure to engage in meaningful discovery with the appearing defendants or newly named defendants during the time allowed was insufficient to support amendment of the scheduling order. Further, as defendants correctly note, plaintiff's due process argument is based primarily on his premise that he was required to wait twenty-one days after service of the summons and complaint prior to propounding discovery requests, which is unsupported by the Federal Rules of Civil Procedure or interpreting authorities. *See, e.g., Atmosphere Hosp. Mgmt., LLC v. Curtullo*, No. 5:13-CV-05040-KES, 2015 WL 136120, at *17 (D.S.D. Jan. 9, 2015) ("discovery moratorium does not apply to later-added parties"); 8A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure Civ.* § 2051.1 n.10 (3d ed. 2010); *see also* [DE 18] (parties appearing after the entry of scheduling order in this case bound by its terms unless amendment granted). The decision of the magistrate judge is AFFIRMED.

3

II.  *Motion for conditional collective action certification*

Plaintiff seeks conditional certification of a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and asks for Court approved notice of this suit to be provided to all current and former nurses[1] of defendants Excel Staffing Service, Inc., Contractors & Consultants, Inc., Excel Staffing Professional Nursing, Inc., David Tolin, and Frederick Tolin who were misclassified as independent contractors in the United States between February 12, 2013, and present.

The FLSA expressly allows employees to maintain a collective action for, *inter alia*, "unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b). To bring a collective action under the FLSA, the putative plaintiffs must satisfy two requirements: (1) they must establish they are "similarly situated," and (2), they must affirmatively consent to the named plaintiff's class representation. 29 U.S.C. § 216(b). As to the question of whether the putative plaintiffs are "similarly situated," the Court applies a two-step approach. *See Cameron-Grant v. Maxim Health Care Servs., Inc.*, 347 F.3d 1240, 1243 (11th Cir. 2003).[2]

At the first, "notice" stage of the process, the court determines whether the plaintiff and potential opt-in plaintiffs are sufficiently "similarly situated" to warrant notice being given to allow potential plaintiffs to opt-in and to proceed as a collective action through discovery; at this initial stage, a lenient standard applies. *McLaurin v. Prestage Foods, Inc.*, 271 F.R.D. 465, 469 (E.D.N.C. 2010). Plaintiffs must establish "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 267 (E.D.N.Y Apr. 5, 2005)) (citations

---

[1] The Court construes this term to include RNs, LPNs, and CNAs as described in plaintiff's amended complaint.

[2] This Court has previously found the two-step approach to determining whether putative plaintiffs are "similarly situated" to be "rational, fair, and supported by sufficient persuasive case law" and therefore applies it here. *See Ceras-Campo v. WF P'ship*, No. 5:10-CV-215-BO, 2011 WL 588417, at *2 (E.D.N.C. Feb. 9, 2011).

4

omitted). If the Court finds plaintiff and potential opt-in plaintiffs sufficiently similarly situated to warrant issuing notice of the collective action, the Court will conditionally certify the collective action.

The second stage of collective action certification is triggered later. The Eleventh Circuit Court of Appeals described the second stage of the two-stage approach as follows:

> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives-*i.e.* the original plaintiffs-proceed to trial on their individual claims.

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) (internal footnote omitted)).

Here, the Court finds that plaintiff has satisfied the lenient standard to show that he and potential opt-in plaintiffs were the victims of a common policy or plan and that conditional certification is appropriate. Plaintiff has sufficiently alleged that he and other persons who provided skilled nursing services were incorrectly classified as independent contractors by defendants and were improperly denied overtime wages. *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (noting that no more than substantial allegations of similarity required at initial stage). Plaintiff has submitted a declaration in which he states that Nurses, including himself, were classified by defendants as independent contractors, that such policy applies uniformly irrespective of where a Nurse is assigned to work, that he and other Nurses were paid on an hourly basis, that he and other Nurses were instructed by defendants regarding where, when, and how to perform their work, and that he and other Nurses routinely worked more than forty-hours per week and were not compensated for overtime. [DE 78-5].

5

Further, while defendants contend that plaintiff's proposed class made up of RNs, LPNs, and CNAs, is too broad to support a finding of similarity, that there will be "[d]ifferences as to time actually worked, wages actually due and hours involved are, of course, not significant to this determination." *De Luna-Guerrero v. N. Carolina Grower's Ass'n, Inc.*, 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004) (citation omitted). Further, although their claims may not be identical, plaintiff's allegations concern legally similar issues as between plaintiff and opt-in plaintiffs in "at least a manageably similar factual setting with respect to their job requirements and pay provisions". *Id.* Finally, the Court is persuaded by the authority from this circuit which has found that workers who have been allegedly misclassified as independent contractors pursuant to a uniform policy are similarly situated for the purposes of this initial stage of inquiry. *See, e.g., Williams v. XE Servs., LLC*, No. 2:09-CV-59-D, 2011 WL 52353, at *4 (E.D.N.C. Jan. 4, 2011); *Westfall v. Kendle Int'l, CPU, LLC*, No. 1:05-CV-00118, 2007 WL 486606, at *9 (N.D.W. Va. Feb. 15, 2007). The motion for certification is ALLOWED.

Defendants, however, have raised objections to plaintiff's proposed class notice, and additionally have raised concerns regarding entry of a protective order concerning would-be class members' personal information and second phase discovery documents. The parties are therefore ORDERED to meet and confer and to jointly submit a revised proposed class notice within twenty-one days of the date of entry of this order. The Court will allow notification to be sent to potential class members via text message if appropriate.

## CONCLUSION

6

Accordingly, for the foregoing reasons, the decision of United States Magistrate Judge Gates entered November 18, 2016, is AFFIRMED. Plaintiff's motion for conditional certification of collective action under 29 U.S.C. § 216(b) [DE 77] is ALLOWED. The class is defined as

> All current and former Nurses (RNs, LPNs, and CNAs) classified as independent contractors who worked for defendants Excel Staffing Service, Inc., Contractors & Consultants, Inc., Excel Staffing Professional Nursing, Inc., David Tolin, or Frederick Tolin at any location throughout the United States from three years prior to the date of entry of this order to the present.

The parties are further ORDERED to meet and confer and to jointly submit a revised proposed class notice as well as any proposed protective order within twenty-one (21) days of the date of entry of this order.

SO ORDERED, this 19 day of April, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE