UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| | | |
|---|---|---|
| TYRONN FEREBEE, on Behalf of Himself and on Behalf of All Others Similarly Situated | § § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 2:16-cv-00008 |
| EXCEL STAFFING SERVICE, INC., | § § § | |
| Defendant. | § § § | JURY TRIAL DEMANDED |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT

Plaintiffs Tyronn Ferebee and Melissa Reed (each individually a "Plaintiff" and collectively the "Plaintiffs"), and Defendants Excel Staffing Service, Inc., Contractors & Consultants, Inc., Excel Staffing Professional Nursing, Inc., David Tolin, Frederick Tolin, and Tar River LTC Group, LLC ("Defendants," and together with Plaintiffs, the "Parties"), have reached a full settlement of all wage and hour claims of the Plaintiffs (the "Settlement"). The Parties move this Court for an Order approving the Settlement Agreement attached as Exhibit A.

The Settlement, which was the product of arm's length negotiations by experienced counsel, will provide monetary compensation to the Plaintiffs and eliminate the risk and delay both sides would bear should this litigation continue. The Parties reached the agreement after exchanging information formally and informally over the last two years of litigation. The Settlement is fair and reasonable and should be approved.

-1-

## I. Legal Standard.

Plaintiffs seek approval of a settlement under section 216(b) of the FLSA. This matter does not relate to settlement of a "class action" under Rule 23. Consequently, the settlement affects only the individuals who have affirmatively opted into the case, not withdrawn, and who retained Plaintiffs' counsel to pursue their FLSA claims. The settlement does not affect the rights of any non-parties. The court's role in approving an FLSA settlement is to ensure that the "employer does not take advantage of its employees in settling their claims for wages." *McLaurin v. Prestage Foods, Inc.*, No. 7:09-CV-100BR, 2011 WL 13146422, at *2 (E.D.N.C. 2011); *see also Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). When reviewing a proposed FLSA settlement, the district court must "scrutinize[e] the settlement for fairness" and decide whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1353, 1355 (quoting *D.A. Schulte, Inc. V. Gangi*, 328 U.S. 108 (1946)).

The endorsement of a proposed FLSA settlement by both parties is a "factor that weighs in favor of approval" of an FLSA settlement because "counsel for each side is experienced in this type of litigation." *In re Dollar Stores FLSA Litigation.*, No. 5:09-MD-1500, 2011 WL 3841652, at *3 (E.D.N.C. Aug. 23, 2011). In fact, because settlement resulted from arm's length negotiations between experienced counsel after significant discovery had occurred, the Court may presume the settlement to be reasonable. *See id.*; *see also Robinson v. Harrison Transp. Servs. Inc.*, No. 5:15-CV-298-f, 2016 WL 3647616, at *2 (E.D.N.C. June 30, 2016).

## II. Procedural Background.

On March 14, 2016, Plaintiff Tyronn Ferebee filed his Original Complaint alleging violations of the Fair Labor Standards Act and Fair Credit Reporting Act against Defendant Excel

Staffing Service, Inc. *See* Dkt. 1. On April 26, 2016, Defendant filed its First Original Answer. *See* Dkt. 6. On August 3, 2016, Plaintiff filed his First Amended Complaint, which added additional defendants and withdrew Plaintiff's claim under the Fair Credit Reporting Act. *See* Dkt. 19. On April 19, 2017, the Court granted Plaintiff's Motion for Conditional Certification and conditionally certified a class defined as:

> All current and former Nurses (RNs, LPNs, and CNAs) classified as independent contractors who worked for defendants Excel Staffing Service, Inc., Contractors & Consultants, Inc., Excel Staffing Professional Nursing, Inc., David Tolin, or Frederick Tolin at any location throughout the United States from three years prior to the date of entry of this order to the present.

Dkt. 87. On February 28, 2018, the Parties submitted a Joint Status Report which stated that the Parties were in the process of exchanging records concerning the opt-in Plaintiffs and were in the process of discussing a potential resolution. On November 7, 2018, the Parties provided the Court with notice that they had reached a tentative settlement. *See* Dkt. 113.

**III.   Plaintiffs' theory of liability and Defendants' response.**

During periods alleged in the Complaint, Defendant Contractors and Consultants operated a staffing company that provided nurses (RNs, LPNs, and CNAs) (collectively "nurses") to medical care facilities in multiple states. Plaintiffs were employed as nurses, and alleged Defendants misclassified them as independent contractors, thereby failing to properly compensate Plaintiffs for their overtime hours based on the time-and-one-half formula of the FLSA. Defendants disputed Plaintiffs' allegations and denied liability. Defendants Excel Staffing Service, Inc., Contractors & Consultants, Inc., Excel Staffing Professional Nursing, Inc., David Tolin, and Frederick Tolin maintained that Plaintiffs were properly classified as independent contractors and were therefore not entitled to overtime among other defenses. Defendant Tar River

LTC Group, LLC maintained it was never Plaintiffs' employer and was not a proper party to the lawsuit.

Specifically, Plaintiffs alleged that Defendants were joint employers of Plaintiffs, and were jointly and severally liable for all wage and hour compliance, including payment of overtime compensation for all hours worked over 40 during the workweek. *See* 20 C.F.R. § 791.2(a); *Schultz v. Capital International Security, Inc.*, 466 F.3d 298, 306 (4th Cir. 2006). Additionally, Plaintiffs alleged that Defendants David J. Tolin and Frederick Tolin were employers under the meaning of Section 3(d) of the FLSA, and were individually liable for wage and hour compliance. *See Brock v. Hamad*, 867 F.2d 804, 808 n.6 (4th Cir. 1989). Finally, Plaintiffs alleged that Defendants maintained a level of control over Plaintiffs that was indicative of an employer-employee relationship, such as maintaining and exercising the power to hire, fire, and discipline Plaintiffs, requiring Plaintiffs to adhere to a strict schedule, and requiring Plaintiffs to follow policies set by Defendants regarding patient care.

Defendants denied that they were joint employers of Plaintiffs, and were therefore jointly and severally liable. Defendants also denied that David J. Tolin and Frederick Tolin were statutory employers under the FLSA and therefore subjected to individual liability. Finally, Defendants Excel Staffing Service, Inc., Contractors & Consultants, Inc., Excel Staffing Professional Nursing, Inc., David Tolin, and Frederick Tolin denied that Plaintiffs were misclassified as independent contractors under the FLSA. Defendant Tar River LTC Group, LLC maintained it was never Plaintiffs' employer and was not a proper party to the lawsuit.

Due to the factually and legally intensive nature of the claims and defenses, fully litigating the merits of Plaintiffs' claims would have required significant additional discovery and trial preparation. The substantial risk of proceeding with such a costly litigation weighed strongly in

favor of resolving the Parties' dispute before additional discovery and trial preparation was necessary. Ultimately, the Parties accepted they bore a risk on multiple issues and elected to resolve their claims.

**IV.     Terms of the Settlement.**

An executed version of the settlement agreement between the Parties is attached as Exhibit A. The following summarizes the material terms of the Settlement Agreement, which have been agreed to between the Parties:

A.     <u>The Settlement Class</u>

The settlement pertains only to Plaintiffs Tyronn Ferebee and Melissa Reed.[1]

B.     <u>Payments to Class Members</u>

Defendants have agreed to resolve the wage and hour claims of Plaintiffs for a total payment amount of $28,500.00. The Settlement amount will be distributed to class members based upon a formula that accounts for the number of total work weeks and hours worked. A list of the amounts due to each party under the Settlement Agreement is located on Paragraph 7 of the Settlement Agreement. *See* Ex. A at ¶7. Plaintiffs have authorized releases of their wage and hour claims only in this lawsuit in exchange for their individual settlement amounts. Under the Agreement, the Parties have agreed that Defendant Excel Staffing Company, Inc. is to issue monthly payments on behalf of Defendants to Plaintiffs until they receive the entirety of their respective settlement amounts.

C.     <u>Attorneys' Fees and Costs</u>

The Settlement Agreement provides that Class Counsel will move the Court for an award of attorneys' fees and costs. Class Counsel seeks attorneys' fees and case expenses of forty percent

---

[1] On November 7, 2018, the Parties jointly stipulated to the dismissal without prejudice of the claims of the other 14 opt-in Plaintiffs in this action. *See* Dkt. 112.

(40%) of the Maximum Settlement Amount (as defined in the Agreement). Defendants do not object to Class Counsel's request for fees and costs. The cost and fee award will be paid in four monthly installments after the Plaintiffs have received the entirety of their individual settlement amounts. *See* Ex. A at ¶7.

**V.      The Settlement is a fair and reasonable resolution of a bona fide dispute.**

Under the Fair Labor Standards Act ("FLSA"), "there is a judicial prohibition against the unsupervised waiver or settlement of claims." *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114–16 (1946)). "[E]mployees cannot waive their right to claims for wages under the FLSA unless such a settlement is overseen by the Department of Labor or approved for fairness and reasonableness by a district court." *Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 605 n.2 (E.D. Va. 1999) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)). Courts must determine that a FLSA settlement between an employee and an employer represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions" before approving the settlement. *Hargrove v. Ryla Teleservices, Inc.*, No. 2:11cv344, 2013 WL 1897027, at *10 (E.D. Va. April 12, 2013) (citing *Lynn's Food Stores*, 679 F.2d at 1355).

When determining whether a FLSA settlement is fair and reasonable, the court should consider and weigh the following:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential recovery.

*Hargrove*, 2013 WL 1897027, at * 9–*10 (citing *Lomascolo v. Parson Brinckerhoff, Inc.*, No. 1:08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)). "There is a 'strong

-6-

Case 2:16-cv-00008-BO   Document 114   Filed 11/14/18   Page 6 of 13

presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed in making the determination of whether a settlement is fair, adequate and reasonable." *Lomascolo*, 2009 WL 3094955, at *27 (quoting *Camp v. Progressive Corp.*, No. 01-2680, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004)). Consideration of these factors establishes that the Parties' Settlement Agreement is fundamentally fair and should be approved.

### A. Sufficient Discovery Was Completed

The Parties have engaged in discovery, including the exchange of documents that assisted the Parties in evaluating the case. Defendants provided Plaintiffs with pay records and work schedules for the Plaintiffs. Plaintiffs used these records to calculate the amount of overtime that Plaintiffs would have received had they been classified as employees. During discovery, the Parties articulated and clarified their respective theories of the case, which has allowed the Parties to "fairly evaluate the liability and financial aspects of [the] case." *Lomascolo*, 2009 WL 3094955, at *11 (quoting *A.H. Robins Co.*, 88 B.R. 755, 759 (E.D. Va. 1988)).

### B. Complexity, Expense and Likely Duration of Litigation

Had the Parties not negotiated a settlement, Plaintiffs' claims would have required significant additional work and the expenditure of significant costs by both Parties to take the case through final judgment. The Parties would have faced the prospect of expensive dispositive motions practice as well as a potential trial. This matter was at a stage in the proceedings that allowed the Parties to effectively evaluate their positions and come to a fair settlement. By doing so, the Parties conserved substantial time and expense.

### C. Absence of Fraud or Collusion in the Settlement and Experience of Counsel

No evidence exists suggesting the settlement involved fraud or collusion between the Parties. To the contrary, the Settlement Agreement is the product of arms-length negotiations over

a four-month period. Plaintiffs' counsel has been practicing law for approximately 22 years and has represented a numerous employees in both state and federal wage and hour claims. This factor weighs heavily in favor or approval of settlement.

### D. Probability of Plaintiff's Success

Plaintiffs contend that Defendants did not pay time-and-a-half overtime for all hours worked above forty in a workweek as required by the Fair Labor Standards Act. Additionally, Plaintiffs contend that Defendants misclassified them as independent contractors. Specifically, Plaintiffs contend that when examining the "economic reality" of their relationship with Defendants, they were economically dependent upon Defendants, rather than being in business for themselves. *See McFeeley v. Jackson Street Entertainment, LLC*, 825 F.3d 235, 241 (4th Cir. 2016). The parties dispute both the legal and factual underpinnings of this claim. In particular, Defendants Excel Staffing Service, Inc., Contractors & Consultants, Inc., Excel Staffing Professional Nursing, Inc., David Tolin, and Frederick Tolin assert that Plaintiffs were properly classified as independent contractors by Contractors & Consultants, and that Plaintiffs' calculation of hours worked did not account for breaks during the workday, including their 30-minute lunch breaks.

When assessing the amount paid in settlement, the Court should take into account the risks and costs of litigation. *Parker v. Anderson*, 667 F.2d 1204, 1210 n.6 (5th Cir. 1982) (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974), abrogated on other grounds by *Goldberger v. Integrated Res.*, 209 F.3d 43 (2d Cir. 2000)); accord *Quintanilla v. A&R Demolition Inc.*, No. H-04-1965, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008). Endorsement of settlement by counsel for both parties is a "factor [that] weighs in favor of approval." *Quintanilla*, 2008 WL 9410399, at *5. When reviewing counsel's opinions "a court should bear in mind that

counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Id.*

Here, Plaintiffs contend they did not receive proper compensation for the hours they worked in excess of forty hours per week in violation of the FLSA and that they were not paid all wages due when those wages were due in violation of the NCWHA. Plaintiff sought back wages, overtime pay, liquidated damages, interest, attorneys' fees and costs. Defendants denied owing Plaintiff any additional compensation. Defendants Excel Staffing Service, Inc., Contractors & Consultants, Inc., Excel Staffing Professional Nursing, Inc., David Tolin, and Frederick Tolin contended that Plaintiff was properly classified and paid as an independent contractor.

Defendants faced the prospect of Plaintiff potentially recovering back wages, liquidated damages, interest and attorneys' fees if Plaintiff's version of events and claimed measure of damages were to prevail. However, Plaintiffs' risk was also substantial in that they could have recovered nothing in this action were the Court to find in favor of Defendants' argument that Plaintiffs had not worked all of the hours they claimed, and that they were properly paid all wages owed. Therefore, the range of potential outcomes and risk to the Parties was substantial.

### E. Amount of the Settlement in Relation to Potential Recovery

Based on calculations from Plaintiffs' Counsel, under the Settlement Agreement, Plaintiffs will be receiving the entirety of the backpay owed to them under the FLSA, and a substantial portion of their liquidated damages as well. *See* 29 U.S.C. § 260 (providing for liquidated damages unless the employer establishes that it acted in good faith). Specifically, Plaintiffs' net settlement will be 68% of the damages that they would receive in the event that they prevailed on their FLSA claims at trial based on Plaintiffs' damage model. Given the significant uncertainty regarding whether Plaintiffs could establish that liquidated damages are appropriate, whether Plaintiffs could

establish that Defendants' alleged violations of the FLSA were willful (and therefore a 3-year statute of limitations is applied, rather than a 2-year statute of limitations), and whether Plaintiffs could prevail on liability, this settlement represents a substantial recovery for Plaintiffs.

## VI. Payment of Reasonable Attorneys' Fees

Finally, the attorneys' fees sought by Plaintiffs' counsel and agreed to by the Parties reflect a reduction of the amount that would be due under the traditional "lodestar" calculation. In calculating an award of attorneys' fees, a court usually should "determine[] a 'lodestar' figure by multiplying the number of reasonable hours expended times a reasonable rate." *Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986). The lodestar method is generally employed in cases such as this one, which are based upon a fee-shifting statute. *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 821 (3d Cir. 1995); *Teague v. Bakker*, 213 F. Supp. 2d 571, 582 (W.D.N.C. 2002). Thus, the lodestar method is the reasonable method of determining attorneys' fees in both FLSA and NCWHA cases. The "lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A.*, 130 S. Ct. 1662 (U.S. 2010).

Plaintiffs' Counsel kept contemporaneous records of their billing on this case, and the following is a summary of the hours billed by attorneys and staff members on this case:

| Kennedy Hodges, LLP | | | | |
|---|---|---|---|---|
| Staff | Position | Rate[2] | Total Hours | Billed Amount |
| Foty, Don | Partner | $410.00 | 9.33 | $3,825.30 |

---

[2] Reasonable North Carolina area market rates are applied in this lodestar summary. *See Bennett v. CSX Transp., Inc.*, 905 F.Supp.2d 704, 708 (E.D.N.C. 2012) (approving an hourly rate of $410 for a lead attorney, $300 for an associate attorney, and $160 for paralegal time).

| | | | | |
|---|---|---|---|---|
| Hogg, William | Associate Attorney | $300.00 | 24 | $7,200.00 |
| John Neuman | Associate Attorney | $300.00 | 35.66 | $10,698.00 |
| Other Associates | Associate Attorney | $300.00 | 8.7 | $2,610.00 |
| Paralegals | Paralegal | $160.00 | 121 | $19,360.00 |
| Law Clerk | Law Clerk | $160.00 | 12 | $1,920.00 |
| Wohn, Gary | Admin | $225.00 | 2.38 | $535.50 |
| | | | | **$46,148.30** |

Additionally, Plaintiffs' Counsel incurred $5,377.77 in out of pocket case expenses throughout the litigation of this case. This included travel expenses to attend a hearing, expenses associated with serving Defendants, filing fees, and legal research expenses. Plaintiffs' Counsel's attorney fee request is $11,400.00, which is 40% of the Maximum Settlement Amount. Assuming $5,377.77 of this proposed attorney fee award is a reimbursement for out of pocket expenses incurred throughout the litigation of this case, Plaintiffs' Counsel's request therefore consists of $6,022.23 in pure attorney's fees. Applying this to the lodestar cross-check method, this attorney fee request has a lodestar multiplier of 0.13[3], which is facially reasonable. Additionally, when applying a percentage-of-the-fund method, if the out of pocket expenses are excluded from the analysis, the attorney's fee request represents 21.13%[4] of the final settlement amount, which is also facially reasonable. Defendants do not oppose Plaintiff's counsel's receipt of the attorneys' fees and costs set forth in the Agreement. Based upon the experience and knowledge of the undersigned counsel for Defendants, the fee arrangement between Plaintiff and Plaintiff's counsel and the actual fees sought are fair and are typical of how a plaintiff's attorneys' fees are determined in FLSA and NCWHA actions litigated in this District.

---

[3] $6,022.23 / $46,148.30 = .1305
[4] ($11,400.00 - $5,377.77) / $28,500.00 = .211306

## CONCLUSION

The Parties have demonstrated that the Settlement is fair and reasonable. Accordingly, Plaintiffs and Defendant respectfully request that this Court approve the Settlement and enter an order dismissing with prejudice the claims of the two Plaintiffs who are parties to the Settlement.

This the 14 day of November, 2018.

Respectfully submitted,

| | |
|---|---|
| KENNEDY HODGES, L.L.P. | FOX ROTHSCHILD LLP |
| By: _/s/ *David W. Hodges*_ | By: _/s/ *Patti W. Ramseur*_ |
| David W. Hodges (admitted *pro hac vice*) | Patti W. Ramseur |
| Texas Bar No. 00796765 | N.C. State Bar No. 26817 |
| dhodges@kennedyhodges.com | FOX ROTHSCHILD LLP |
| KENNEDY HODGES, L.L.P. | 300 N. Greene St., Ste. 1400 |
| 4409 Montrose Blvd., Ste. 200 | Greensboro, NC 27401 |
| Houston, Texas 77006 | Phone: (336) 378-5304 |
| Phone: (713) 523-0001 | Fax: (336) 433-7418 |
| Fax: (713) 523-1116 | Email: pramseur@foxrothschild.com |
| | |
| -and- | ATTORNEYS FOR DEFENDANTS |
| | EXCELSTAFFING SERVICE, INC., |
| LAW OFFICES OF TODD ELLIS, P.A. | CONTRACTORS & CONSULTANTS, INC., |
| Todd Ellis (Fed. I.D. #6488) | Excel Staffing Professional Nursing, Inc., |
| 7911 Broad River Road, Suite 100 | FREDERICK TOLIN, AND DAVID TOLIN |
| Irmo, SC 29063 | |
| Phone: (803) 732-0123 | |
| Fax: (803) 732-0124 | |
| Email: todd@toddellislaw.com | |
| | |
| ATTORNEYS FOR PLAINTIFFS | |
| AND CLASS MEMBERS | |
| | |
| OGLETREE, DEAKINS, NASH | |
| SMOAK & STEWART, P.C. | |
| | |
| By: _/s/ _*Kevin S. Joyner*_ | |
| Gretchen W. Ewalt | |

gretchen.ewalt@odnss.com
N.C. Bar No. 15847
Kevin S. Joyner
kevin.joyner@odnss.com
N.C. Bar No. 25604
4208 Six Forks Road, Suite 1100
Raleigh, NC 27609
Phone: (919) 787-9700
Fax: (919) 783-9412

ATTORNEYS FOR DEFENDANT TAR RIVER
LTC GROUP, LLC

## CERTIFICATE OF SERVICE

    I certify that on November 14, 2018, this document was served on all parties via the Court's CM/ECF system.

                                                 */s/ David W. Hodges*
                                                 David W. Hodges

-13-

Case 2:16-cv-00008-BO   Document 114   Filed 11/14/18   Page 13 of 13